UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GAXIOLA,<br><br>                        Petitioner,<br><br>v.<br><br>U.S. MARSHALS,<br><br>                        Respondent. | Case No.: 20-CV-279 JLS (NLS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See generally* ECF No. 1 ("Pet.").

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis*. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the Petition without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed, he must submit, **no later than April 27, 2020,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

/ / /

/ / /

/ / /

1

# FAILURE TO STATE A COGNIZABLE CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Section 2254(a) of Title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of *a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner requests that his "state [sentence] run concurrent with my fed[eral] violation . . . so that I can be release[d] from a state facility prison." Pet. at 4. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As such, he has failed to state a cognizable claim on federal habeas. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. It appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged a cognizable claim.

# FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.

28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. §§ 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Further, to properly exhaust state court remedies, a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995), reasoned that, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366.

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. *See* Pet. at 5.) If Petitioner has raised his claims in the California Supreme Court, he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

///

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)–(D). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). Absent some other basis for tolling, however, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition also reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent, although "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging,

'[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the "U.S. Marshals" as Respondent. For this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** the Petition due to Petitioner's failure to satisfy the filing fee requirement, state a cognizable claim, allege exhaustion of state judicial remedies, and name a proper respondent. To have this case reopened, Petitioner must, **no later than April 27, 2020**, (1) either pay the filing fee or provide adequate proof of his inability to pay, **and** (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. The Clerk of Court **SHALL**

///
///
///
///
///

**SEND** a blank form petition and a blank application to proceed *in forma pauperis* to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: March 2, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge